J-S08027-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| IN THE MATTER OF: CHARLES J. MODE, DECEASED | : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: MARTHA-LISA FLINSCH | : | No. 1796 EDA 2024 |

Appeal from the Order Entered May 31, 2024
In the Court of Common Pleas of Chester County Orphans' Court at
No(s): 1520-1976

BEFORE: DUBOW, J., KUNSELMAN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY KUNSELMAN, J.:                    **FILED MAY 9, 2025**

Martha-Lisa Flinsch appeals from the order sustaining the preliminary objections of North Dakota State University Foundation & Alumni Association ("NDSU") and the Commonwealth of Pennsylvania (as *parens patriae*[1]) to her amended petition for citation. The orphans' court correctly ruled that it lost subject-matter jurisdiction when the trustee (*i.e.*, Wilmington Savings Fund Society, FSB) distributed the *res*[2] from the trust. Thus, we affirm.

Ms. Flinsch is the daughter of Charles J. Mode. On February 27, 2008, Mr. Mode settled the Mode Family Trust, which originally left all of his assets to Ms. Flinsch. Thereafter, he remarried and amended the trust three times.

_____

[1] Latin, literally translating to "parent of his or her country." We note "[t]he responsibility for public supervision [of charitable trusts] traditionally has been delegated to the attorney general to be performed as an exercise of his *parens patriae* powers." ***In re Tr. Established Under Agreement of Sarah Mellon Scaife, Deceased Dated May 9, 1963***, 276 A.3d 776, 787 n.9 (Pa. Super. 2022)

[2] Latin, literally translating to "thing." In other words, the property held in the trust.

Mr. Mode's third amended trust gave $1,900,000 to NDSU; $150,000 to Mr. Mode's second wife; and $55,000 to Ms. Flinsch.

On October 12, 2020, Mr. Mode died. On April 3, 2023, the trustee filed a First and Final Account of the Trust in the orphans' court. The trustee sought authorization to distribute the *res* under the terms of the third-amended-trust document. The trustee provided Ms. Flinsch with notice of the proceeding. *See* Orphans' Court Opinion, 8/26/24, at 5. Ms. Flinsch "did not object to the Account or to the proposed distributions," and on June 14, 2023, the orphans' court issued an order approving distribution of the *res* per the third amended trust. *Id.* at 5-6. No one appealed. The trustee distributed the *res* according to the June 14, 2023 Order.

Four months later, on October 16, 2023, Ms. Flinsch petitioned to have the amended trusts voided. She alleged undue influence, lack of testamentary capacity, and fraud. NDSU preliminarily objected to the petition on various grounds, including lack of subject-matter jurisdiction and *res judicata*. The Commonwealth intervened and joined the preliminary objections. Ms. Flinsch filed an amended petition. NDSU and the Commonwealth renewed their preliminary objections.

The orphans' court sustained the preliminary objections and dismissed the amended petition based on lack of subject-matter jurisdiction and *res judicata*. This timely appeal followed.

Ms. Flinsch raises one issue. She asks, "Whether the [orphans'] court erred as a matter of law . . . in sustaining [NDSU's] preliminary objections . . . and dismissing [her] amended petition . . . .?" Flinsch's Brief at *ix*.

Notably absent from Ms. Flinsch's appellate brief is the phrase "subject-matter jurisdiction" and any argument specifically addressing the subject-matter-jurisdiction issue. Instead, Ms. Flinsch claims that she has standing to file her petition and focuses the remainder of her argument on *res judicata*. **See id.** at 13-17. Our research reveals that no colorable argument can be made that the orphans' court retained subject-matter jurisdiction once the June 14, 2023 Order of distribution became final.

Being "a pure question of law, the standard of review in determining whether a court has subject-matter jurisdiction is *de novo*, and the scope of review is plenary." **Mazur v. Trinity Area Sch. Dist.**, 961 A.2d 96, 101 (Pa. 2008).

Subject-matter jurisdiction "is conferred solely by the Constitution and laws of the Commonwealth." **Id.** It "inquires into the competency of the court to determine controversies of the general class to which the case presented for consideration belongs." **Id.**

The orphans' court division "is a special tribunal for specific cases and is a court of limited jurisdiction, which exercises only such power as is extended to it by statute . . . ." **In re Jervis' Estate**, 279 A.2d 151, 153 (Pa. 1971). According to the General Assembly, "the jurisdiction of the court of common pleas over the following [matters] shall be exercised through its orphans' court

division . . . (2) Testamentary trusts . . . ." 20 Pa.C.S.A. § 711. The orphans' court has jurisdiction over the "administration and distribution of the real and personal property of testamentary trusts, and the reformation and setting aside of any such trusts . . . ." 20 Pa.C.S.A. § 711(2).

Ms. Flinsch's petition for citation seeks to set aside the amended trusts. Thus, this matter belongs to the class of cases which the legislature committed to the orphans' court. *See id.*

Nevertheless, the Supreme Court of Pennsylvania has long held that the subject-matter jurisdiction of the orphans' court does not last forever. "[T]he jurisdiction of the orphans' court is complete and exclusive. It continues as long as the trust *res* is administered by the trustee, and [it] ends when that *res* is delivered to the beneficiary or the ones entitled thereto" under the testamentary documents. ***Wilson v. Board of Directors of City Trusts***, 188 A. 588, 592 (Pa. 1936).

Here, the trustee has distributed the *res* to the beneficiaries of the trust based on the June 14, 2023 Order. Ms. Flinsch did not appeal that order, and it has become final. Hence, the *res* is gone, and it will never return to the trust.

"A trust terminates . . . [when] no purpose of the trust remains to be achieved . . . ." 20 Pa.C.S.A. § 7740(a). Following Mr. Mode's death, the sole purpose of the trust was to distribute the *res* to the named beneficiaries. When the trustee completed that task, "no purpose of the trust remain[ed] to

- 4 -

be achieved . . . ." *Id.* Therefore, the trust terminated, and the orphans' court's subject-matter jurisdiction terminated, as well. *See Wilson*, *supra*.

Accordingly, the orphans' court properly determined that it lost subject-matter jurisdiction over the trust – and, hence, over Ms. Flinsch's petition for citation – when the trust ceased to exist. The court correctly sustained NDSU and the Commonwealth's preliminary objections to the amended petition.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/9/2025